**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSALBA MAYORGA, | No. 19-35256 |
| Plaintiff-Appellant, | D.C. No. C17-00934-RSL |
| v. | MEMORANDUM* |
| STATE OF WASHINGTON; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted October 9, 2020
Seattle, Washington

Before: HAWKINS, GILMAN,** and CALLAHAN, Circuit Judges.

This case involves a dispute between Rosalba Mayorga and the state of

Washington over Mayorga's disability termination by the Washington Department

of Social and Health Services (DSHS). Mayorga suffered traumatic brain injuries

as a result of a car accident in 2013. She alleges that she was thereafter denied

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

reasonable accommodations at work for her injuries and that discriminatory and retaliatory animus motivated her termination. Mayorga appeals the district court's grant of summary judgment in favor of the state of Washington and DSHS (collectively, DSHS) under Title VII of the Civil Rights Act of 1964 and § 504 of the Rehabilitation Act. Because we agree with the district court's analysis, we affirm.

1. Mayorga's contentions that the district court erred in denying her Title VII claims are unpersuasive. Crucially, she lacked proof that she was qualified to perform her job after her traumatic brain injuries, which means that she is unable to meet one of the essential elements of the four-part test used to establish a prima facie case of discrimination under Title VII. *See Lynn v. Regents of California*, 656 F.2d 1337, 1340 (9th Cir. 1981) (holding that an essential element of a plaintiff's prima facie case is a showing that the plaintiff is qualified for the position in question); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973).

2. And even if we were to assume that Mayorga had successfully established a prima facie case, she failed to raise a genuine dispute of material fact concerning whether DSHS's reason for the disability termination was a pretext designed to mask unlawful discrimination. She simply lacked any evidence showing pretext. *See Mayes v. WinCoHoldings, Inc.*, 846 F.3d 1274, 1280 (9th

2                                                                          19-35256

Cir. 2017) (holding that "[a]n employee can prove pretext either: (1) directly, by showing that unlawful discrimination more likely motivated the employer; or (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable") (internal citations and quotation marks omitted). The statistical evidence she provided the district court lacked indicia of reliability, and she was unable to persuade the court otherwise when she had the opportunity to do so during oral argument. *See Sengupta v. Morrison-Knudsen Co.*, 804 F.2d 1072, 1074 (9th Cir. 1986) ("Although statistics have a place in a disparate treatment case, their utility depends on all the surrounding facts and circumstances.") (internal citations and quotation marks omitted).

3. Mayorga's other claims also lacked supporting evidence. Regarding her attempt to establish a triable issue regarding her Title VII retaliation claim, there is nothing in the record suggesting that her disability termination was due to anything other than (1) her admitted inability to continue working in her then-current job position, even with reasonable accommodations; and (2) the failure of the two vacancy-search processes to find her another suitable job, which were unsuccessful in large part due to geographic restrictions placed upon them by Mayorga and her own working-conditions limitations. With specific reference to her application for the Relative Search Position, there is no evidence in the record showing that Kelly

Lutes or the interview panel retaliated against Mayorga. The evidence instead suggests that she failed to secure the position after a competitive interview process and that, whatever the case, the position was incompatible with Mayorga's disabilities and requested accommodations. In sum, the district court did not err in finding that there was nothing in the record to suggest that Mayorga was retaliated against for her opposition to changes in Washington's child-welfare policies or to any other protected activity under Title VII.

4. Finally, the district court did not err in granting summary judgment in favor of DSHS on Mayorga's claims under § 504 of the Rehabilitation Act for discrimination and retaliation. Her § 504 claims fail for the same reasons stated above regarding her Title VII claims. *See Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 (9th Cir. 1999) (holding that the anti-discrimination provision of § 504 requires the plaintiff to show that she is "otherwise qualified" for the position at issue); *see also Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 825 (9th Cir. 2009) (holding that the anti-retaliation provision of § 504 requires proof of engagement in a protected activity).

**AFFIRMED.**[1]

---

[1] We deny Mayorga's motion to extend time to file a reply brief (Dkt. 41) as moot.

19-35256